# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 111

Ibrahim Ahmed Mohammed,                 Petitioner and Appellant

    v.

State of North Dakota,                  Respondent and Appellee

## No. 20230399

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Per Curiam.

Samuel A. Gereszek, Grand Forks, N.D., for petitioner and appellant; submitted on brief.

Renata J. O. Selzer, Assistant State's Attorney, Fargo, N.D., for respondent and appellee; submitted on brief.

# Mohammed v. State
## No. 20230399

**Per Curiam.**

[¶1] Ibrahim Ahmed Mohammed appeals from a district court order denying his application for post-conviction relief. He argues he was deprived of effective assistance of counsel because trial and appellate counsel did not use a translator during their attorney-client communications and he did not sufficiently understand the proceedings, plea offers, or his case.

[¶2] Mohammed was convicted of gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(a). Mohammed appealed his conviction, and this Court affirmed. *State v. Mohammed*, 2020 ND 52, 939 N.W.2d 498.

[¶3] "Whether a defendant is able to adequately understand English without an interpreter is a finding of fact." *Isxaaq v. State*, 2021 ND 148, ¶ 13, 963 N.W.2d 260. Findings of fact in a post-conviction proceeding will not be disturbed unless they are clearly erroneous. *Id.* The district court found the record does not support Mohammed's position that a translator was not used or that his counsel could not effectively communicate with him. After review of the record, we conclude the district court did not clearly err in its findings that the representation of Mohammed's counsel did not fall below an objective standard of reasonableness as a result of inadequate communication caused by a lack of a translator and Mohammed had not established a reasonable probability of a different result. *See Morris v. State*, 2017 ND 104, ¶ 5, 893 N.W.2d 475 (ineffective assistance of counsel claims asserting a language barrier are findings of fact that will not be disturbed unless clearly erroneous). We summarily affirm the order denying application for post-conviction relief under N.D.R.App.P. 35.1(a)(2).

[¶4] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

1